[Cite as *State v. Beamer*, 2011-Ohio-639.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2010 AP 01 0005 |
| DEBBIE L. BEAMER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2009 CR 07 0168


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      February 10, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RYAN STYER                            E. MARIE SEIBER
PROSECUTING ATTORNEY                  431 Center Street
ROBERT C. URBAN, JR.                  Post Office Box 108
ASSISTANT PROSECUTOR                  Dennison, Ohio  44621
125 East High Avenue
New Philadelphia, Ohio  44663

*Wise, J.*

{¶1}     Appellant Debbie L. Beamer appeals the decisions of the Court of Common Pleas, Tuscarawas County, which found her guilty of felony theft following a no contest plea and subsequently denied her motion to withdraw said plea. The relevant facts leading to this appeal are as follows.

{¶2}     On July 8, 2009, the Tuscarawas County Grand Jury indicted appellant on one count of theft, a felony of the fifth degree. Appellant initially entered a plea of not guilty, and the matter proceeded to a pretrial on or about September 11, 2009.

{¶3}     On November 17, 2009, appellant appeared before the trial court with her counsel, Attorney Gary Greig, and entered a plea of no contest. There was no written confession or document signed by appellant stating that she understood the nature of the charges, the potential penalties, or the effect of her plea. Following a brief colloquy, the trial court found appellant guilty and set the matter of sentencing for a hearing on December 30, 2009. The court issued an entry on January 4, 2010, sentencing appellant, in pertinent part, to twelve months in prison, with said time "reserved for imposition." Sentencing Entry at 2. The court also imposed community control sanctions. Id.

{¶4}     On January 28, 2010, appellant filed a motion to withdraw plea, a motion for stay of execution of sentence, and a notice of appeal.

{¶5}     On February 9, 2010, following a hearing, the trial court issued a judgment entry overruling appellant's motion to withdraw plea. Furthermore, appellant was appointed new counsel for appeal.

{¶6}     Appellant herein raises the following four Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF NO CONTEST WITHOUT FIRST SUFFICIENTLY INFORMING HER OF THE INFORMATION REQUIRED BY CRIM.R. 11(C).

{¶8} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO APPOINT NEW COUNSEL REGARDING THE MOTION TO WITHDRAW HER PLEA.

{¶9} "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HER PLEA OF NO CONTEST, PURSUANT TO CRIM.R. 32.1.

{¶10} "IV. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY MAKING ERRORS SO SERIOUS THAT HE DID NOT FUNCTION AS COUNSEL AS GUARANTEED BY THE UNITED STATES CONSTITUTION, 6TH AND 14TH AMENDMENTS AND THE OHIO CONSTITUTION, ARTICLE 1 SEC. 10."

I.

{¶11} In her First Assignment of Error, appellant contends the trial court erred in accepting her no contest plea in light of the requirements of Crim.R. 11. We agree.

{¶12} The pertinent rule, Crim.R. 11(C)(2), reads as follows:

{¶13} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶15} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶16} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶17} Generally, in accepting a guilty plea, a trial court must substantially comply with Crim.R. 11(C), which we review based on the totality of the circumstances. See *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757.

{¶18} However, in regard to the specific constitutional rights referenced in Crim.R. 11(C)(2)(c), the Ohio Supreme Court has set forth the following rule of law: "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney*, 120 Ohio St.3d 176, 897 N.E.2d 621, 2008-Ohio-5200, syllabus. The Court further mandated: "Thus, pursuant to the strict-compliance standard set forth in [*State v. Ballard* (1981), 66 Ohio St.2d 473],

the trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid. Although the trial court may vary slightly from the literal wording of the rule in the colloquy, *the court cannot simply rely on other sources* to convey these rights to the defendant. \*\*\*." *Veney* at ¶ 29, emphasis added.

{¶19} In the case sub judice, on November 17, 2009, just prior to appellant's plea, the trial court took an unrelated plea from Julia M. Davis in a felony-5 drug possession matter, Case No. 2009CR070172. After engaging in colloquy with Davis,[1] the trial court judge inquired if appellant was present in the courtroom, and then stated he would "see [her] in a minute." Davis Transcript at 19-20. The judge thereafter engaged in the following colloquy with appellant:

{¶20} "THE COURT: Okay. Well let me talk now. Here's what's going to happen. If you plead no contest today I'll find you guilty and the sentence is going to be two years of good behavior. You understand? Good behavior. And you'll be required to spend some time in jail. And you'll then be reporting to a probation office periodically to make sure that you are behaving. And then if you're successful in behaving you won't have to worry about any more jail time. But if you make violations or if you commit violations of the court orders then you could be punished more severely. Understood?

{¶21} "THE DEFENDANT: Yeah.

{¶22} "THE COURT: Debbie, you were here. Did you listen to me when I talked to that previous lady?

---

1 The transcript portion of the plea hearing for Davis, which runs twenty pages, is included in the present record.

**{¶23}** "THE DEFENDANT: Yes.

**{¶24}** "THE COURT: Do you understand what I said?

**{¶25}** "THE DEFENDANT: Yes.

**{¶26}** "THE COURT: All of that applies to you. So if you're prepared to plead no contest today I'll accept your plea.

**{¶27}** "THE DEFENDANT: I am.

**{¶28}** "THE COURT: And then I'm going to - -

**{¶29}** "THE DEFENDANT: I'm guilty, Your Honor. * * *'" Beamer Change of Plea Tr. at 5-6.

**{¶30}** In its response brief, the State directs us to *Ballard*, supra, wherein the Ohio Supreme Court held that "rote recitation" of the exact language of Crim.R. 11(C) is not demanded during the plea hearing. In the case sub judice, however, the record demonstrates that the trial court attempted to incorporate its prior colloquy with Davis into its colloquy with appellant, which in effect was an attempt to utilize another source to convey the rights set forth in 11(C)(2)(c). Furthermore, it is not apparent at which point in time appellant had entered the courtroom during the Davis hearing, nor can we be confident that a layperson would have understood the significance of the court's comprehensive statement of "all of that applies to you." In regard to appellant's 11(C)(2)(c) rights, the trial court had a duty to engage in "meaningful dialogue" with her that would explain the pertinent constitutional rights 'in a manner reasonably intelligible to [the] defendant.' " See *State v. Thomas*, Cuyahoga App.No. 94788, 2011-Ohio-214, ¶ 12, citing *Ballard,* supra, at paragraph two of the syllabus. Under the circumstances presented, we find the trial court failed to fulfill such duty, resulting in reversible error.

**{¶31}** Accordingly, appellant's First Assignment of Error is sustained.

II., III., IV.

**{¶32}** In light of our redress of appellant's first assigned error, we find the remaining Assignments of Error to be moot.

**{¶33}** For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for a new plea hearing.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0126

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DEBBIE L. BEAMER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010 AP 01 0005 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee State of Ohio.


_____


_____


_____

JUDGES