[Cite as *State v. Walker*, 2011-Ohio-1898.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

CECIL WALKER, JR.

    Appellant

C.A. No.    25362

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 09 09 2928

DECISION AND JOURNAL ENTRY

Dated: April 20, 2011

MOORE, Judge.

{¶1} Appellant, Cecil Walker, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} On December 11, 2009, appellant, Cecil Walker, pleaded guilty to two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree, one count of kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree, and one firearm specification. On December 16, 2009, Walker was sentenced to a mandatory prison term of three years on the firearm specification, and three years on each of the remaining counts. The trial court ordered that Walker serve the two aggravated robbery terms concurrently, and the kidnapping term consecutively, all to run consecutive to the mandatory three years for the firearm specification, for a total of nine years. The trial court imposed a mandatory five-year period of postrelease control.

{¶3}     On April 22, 2010, Walker filed a motion for leave to file delayed appeal, and this Court granted the motion on May 13, 2010.

II.

{¶4}     Walker's counsel did not raise an assignment of error.  In accordance with *Anders v. California* (1967), 386 U.S. 738, Walker's counsel has asserted that he is unable to find any issue upon which to argue error below.  He also has moved to withdraw as counsel for Walker.

{¶5}     Walker filed a pro se brief in response to his counsel's *Anders* brief.  He raises one assignment of error for our review.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT FAILED TO INFORM [WALKER] OF HIS CONSTITUTIONALLY GUARANTEED RIGHT AGAINST COMPULSORY SELF-INCRIMINATION.  U.S.C.A. 5,14 (SIC)."

{¶6}     Walker contends that the trial court failed to adequately inform him of his constitutional right not to be compelled to testify against himself.  We do not agree.

{¶7}     Crim.R. 11(C)(2)(c) provides that a court shall not accept a guilty plea without informing the defendant and determining that he understands that by entering the plea he waives his "rights to jury trial, to confront witnesses against him * * *, to have compulsory process for obtaining witnesses in [his] favor, and to require the state to prove [his] guilt beyond a reasonable doubt at a trial at which [he] cannot be compelled to testify against himself * * *."

{¶8}     The Ohio Supreme Court has held that a trial court "must strictly comply" with Crim.R. 11(C)(2)(c).  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at syllabus.  "[If] a trial court fails to strictly comply with this duty, the defendant's plea is invalid." Id.  "[T]he best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the

right and knows that he is waiving it by pleading guilty." *State v. Ballard* (1981), 66 Ohio St.2d 473, 479. Failure to use the exact language contained in Crim.R. 11, however, "is not grounds for vacating a plea as long as the record shows that the trial court explained [the defendant's] rights in a manner reasonably intelligible to that defendant." Id. at paragraph two of the syllabus. "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to [him] certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Id. at 480.

{¶9} Walker argues that he was never informed "of his guaranteed constitutional right against compulsory self-incrimination that he cannot 'be forced to testify against himself' at anytime during trial, or during a bench trial." Instead of telling Walker that he could not "be compelled to testify against himself" at trial, it told him that, "under the constitution nobody could force [him] to take the witness stand and testify at [his] trial." Crim.R. 11(C)(2)(c). Although the court did not use the exact language contained in Crim.R. 11(C)(2)(c), it informed Walker that he would not be compelled to testify if his case went to trial. Walker's lawyer, therefore, correctly concluded that raising that claim on appeal would be frivolous. Walker's sole assignment of error is overruled.

{¶10} Upon our own full, independent examination of the record before this Court, we find that there are no appealable, non-frivolous issues in this case. See *State v. Lowe* (Apr. 8, 1998), 9th Dist. No. 97CA006758, at *2.

III.

{¶11} Having reviewed the entire record, and concluding that the trial court's proceedings were proper, this Court grants the motion to withdraw and affirms Walker's conviction and sentence.

**{¶12}** The judgment of the Summit County Court of Common Pleas is affirmed. Walker's counsel's motion to withdraw as counsel is hereby granted.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

ROBERT P. HORTON, Attorney at Law, for Appellant.

CECIL WALKER, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.