[Cite as *State v. Davis*, 2013-Ohio-1642.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                 :        Case No.   11CA3262

    vs.                                 :

JERRY L. DAVIS,                             :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      James S. Sweeney, James Sweeney Law, LLC, 673
                            Mohawk Street, Ste 403, Columbus, Ohio 43206

COUNSEL FOR APPELLEE:       Matthew S. Schmidt, Ross County Prosecuting Attorney,
                            72 North Paint Street, Chillicothe, Ohio 45601
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-22-13
ABELE, J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of

conviction and sentence.   Jerry L. Davis, defendant below and appellant herein, pled guilty to:

(1) rape in violation of R.C. 2907.02(B); (2) three counts of sexual battery in violation of R.C.

2907.03; and (3) failure to register a change of address in violation of R.C. 2950.05.   Appellant

assigns the following error for review:

> "DEFENDANT-APPELLANT'S GUILTY PLEA WAS NOT
> KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY
> MADE AS TO THE SENTENCE HE COULD BE SUBJECTED
> TO."

{¶ 2} On March 26, 2010, the Ross County Grand Jury returned an indictment that charged appellant with the aforementioned crimes. Appellant initially pled not guilty, but later agreed to plead guilty to all offenses in exchange for the State's recommendation of cumulative twenty year prison sentence. On January 13, 2011, after ascertaining that appellant understood his constitutional rights, the trial court accepted appellant's pleas and found him guilty as charged.

{¶ 3} Subsequently, the trial court sentenced appellant to serve ten years for rape, three years on each sexual battery count and one year for the failure to register an address change. The court ordered the last charge to be served concurrently with all the others, but ordered the sentences on the first four charges to be served consecutively to one another for a nineteen year cumulative total. On January 30, 2012, this Court granted appellant leave to file a delayed, and the matter is now before us for review.

{¶ 4} In his sole assignment of error, appellant asserts that he did not knowingly, voluntarily or intelligently enter his guilty plea. In particular, appellant posits that the trial court erroneously informed him that he could be imprisoned for one to five years for the failure to register a change of address when, in fact, he could only have received a term of twelve to thirty-six months. Thus, appellant argues that his guilty plea was unknowing and involuntary.

{¶ 5} Initially, we point out, and appellant correctly notes at the end of his brief's argument portion, that a claim that a guilty plea was involuntary requires the challenger to establish prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶15; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Generally, the test is whether the plea would otherwise have been made. *Veney*, supra at ¶15; *Nero*, supra at 108. In

the case at bar, for appellant to show that his plea would have been otherwise, he must argue that, although he willingly pled guilty to a greater term of imprisonment, he would not have been willing to plead to a lesser term of imprisonment. Obviously, we find no merit in this argument.

{¶ 6}  As to the merits of appellant's argument, as the State notes in its brief, appellant relies on a statutory subsection of R.C. 2929.14 that did not exist at the time he received his sentence. Subsection (A)(3)(b) of R.C. 2929.14, which imposes a range of prison sentences for third degree felonies of twelve to thirty-six months, was not added to the Ohio Revised Code until Am.Sub.H.B. No. 86, 2011 Ohio Laws File 29, with the effective date of September 30, 2011. Here, the trial court filed the sentencing entry on June 30, 2011, several months before the new legislation's effective date. Prior to that legislation's effective date, one to five years spanned the range of sentences for third degree felonies. See prior version of R.C. 2929.14(A)(3)(a). This, in fact, was the range of sentence that the trial court advised appellant. Therefore, the trial court's colloquy with appellant regarding the maximum penalty on count five of the indictment was indeed correct. Thus, appellant has not persuaded us that he entered his guilty plea either unknowingly or involuntarily.

{¶ 7}  For these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Davis*, 2013-Ohio-1642.]

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.