[Cite as *State v. Agee*, **2014-Ohio-3215**.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CA 71 |
| SHAWN D. AGEE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case No.  13 CR 147


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 18, 2014


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

GREGG MARX                        THOMAS S. GORDON
PROSECUTING ATTORNEY              8026 Woodstream Drive
JOCELYN S. KELLY                  Canal Winchester, Ohio  43110
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio  43130

*Wise, J.*

{¶1}. Defendant-Appellant Shawn D. Agee appeals his conviction, in the Court of Common Pleas, Fairfield County, following a guilty plea on several drug-related felony counts. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. On or about March 1, 2013, Fairfield County deputies effectuated a traffic stop of a vehicle being operated by appellant. As a result, the officers seized plastic bags containing cocaine, a set of digital scales, Oxycodone pills, and more than $3,000.00 in currency.

{¶3}. On March 8, 2013, the Fairfield County Grand Jury indicted appellant as follows:

{¶4}. Count I: Trafficking in Cocaine with specification, R.C. 2925.03(A)(2), 2925.03(C)(4)(c), and 2981.04, a felony of the second degree;

{¶5}. Count II: Possession of Cocaine, R.C. 2925.03(A)(2), 2925.03(C)(4)(c), and 2981.04, a felony of the second degree;

{¶6}. Count III: Tampering With Evidence, R.C. 2921.12(A)(1), a felony of the third degree;

{¶7}. Count IV: Aggravated Possession of Drugs, 2925.11(A) and 2925.11(C)(1)(a), a felony of the fifth degree.

{¶8}. A forfeiture specification was also included in the amount of $3,664.00.

{¶9}. On May 14, 2013, the State filed a bill of particulars.

{¶10}. On September 27, 2013, appellant appeared before the trial court, with counsel, and indicated he wished to enter a plea. The trial court conducted a plea

hearing, resulting in appellant entering pleas of guilty to all of the above charges. The State also filed a sentencing memorandum on that date.

{¶11}. A separate sentencing hearing was held on October 10, 2013.

{¶12}. On October 16, 2013, the trial court issued a judgment entry sentencing appellant, inter alia, to five years in prison on Count I, thirty months in prison on Count III, and twelve months in prison on Count IV. Count II was merged with Count I. Count I was ordered to be served consecutively to Count III. Count III was ordered to be served concurrently to Count IV.

{¶13}. Appellant filed a notice of appeal on October 18, 2013. He herein raises the following sole Assignment of Error:

{¶14}. "I. THERE WERE NOT SUFFICIENT FACTS PRESENTED AT THE PLEA HEARING FOR THE COURT TO FULLY COMPLY WITH CRIMINAL RULE 11(C)(2)(a), THUS RENDERING APPELLANT'S PLEA VOID."

I.

{¶15}. In his sole Assignment of Error, appellant contends the trial court erred in accepting his plea under Crim.R. 11(C)(2)(a). We disagree.

{¶16}. Ohio Criminal Rule 11(C) addresses pleas of guilty and no contest in felony cases. It reads, in pertinent part:

{¶17}. "***

{¶18}. "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**{¶19}.** "*(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.*

**{¶20}.** "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶21}.** "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

**{¶22}.** (Emphasis added).

**{¶23}.** Although appellant herein focuses on Crim.R. 11(C)(2)(a), we first note that in regard to the specific constitutional rights referenced in Crim.R. 11(C)(2)(c), *supra*, the Ohio Supreme Court has held that strict compliance is required on the part of the trial court. *See State v. Veney,* 120 Ohio St.3d 176, 897 N.E.2d 621, 2008-Ohio-5200, syllabus. However, generally, in accepting a guilty plea, a trial court must "substantially comply" with Crim.R. 11(C), which we review based on the totality of the circumstances. *See State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757. In other words, "[f]or nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the

trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *State v. Osley,* Lucas App.No. L–11–1236, 2013-Ohio-1267, 2013 WL 1289527, ¶ 17, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

{¶24}. In the case sub judice, the trial court first heard from Assistant Prosecutor Lamberson regarding the State's sentencing recommendation upon the plea. *See* Tr. at 4-6. Appellant stated on the record he understood what the State had recommended with regard to sentencing. Tr. at 6. Appellant also confirmed that nobody had threatened or promised him anything to force a guilty plea. Tr. at 7. The court then explained to appellant the specifics of post-release control and community control in his situation. Tr. at 7-9. The court also went over the specific constitutional rights outlined in Crim.R. 11(C)(2)(c). *See* Tr. at 9-10.

{¶25}. The colloquy then proceeded in pertinent part as follows:

{¶26}. "THE COURT: I would ask you, then, Mr. Agee, with the advice and assistance of your counsel, what is your plea to Count One, the offense of trafficking in cocaine, carrying with it a specification of forfeiture of any currency used in the commission of the offense, and this count being a felony of the second degree, carrying with it a mandatory term of imprisonment in a state penal institution, during which time you would not be eligible to be placed on community control and/or released from prison by way of judicial release for a minimum period of two, up to eight years, and/or not - - excuse me - - a fine of up to $15,000, plus a mandatory fine, unless you're found to be an indigent person, of at least $7,500, but no more than $15,000, and a driver's license suspension of six months to five years, and again, the

forfeiture of any currency used in the commission of this offense, which in this case is $3,664, according to the allegation in the indictment?

{¶27}. "What is your plea?

{¶28}. "THE DEFENDANT: Guilty.

{¶29}. "THE COURT: And what is your plea with regard to Count Two, with the understanding that the State has elected to merge Count Two into Count One for purposes of sentencing, Count Two being the offense of possession of cocaine, a felony of the second degree, also carrying a mandatory term of imprisonment of two to eight years, a fine of up to $15,000, plus a mandatory fine of at least $7,500, but not more than $15,000, and again, a driver's license suspension of six months to five years?

{¶30}. "What is your plea?

{¶31}. "THE DEFENDANT: Guilty.

{¶32}. "THE COURT: What is your plea to Count Three, tampering with evidence, a felony of the third degree, the maximum penalty being a prison term of 36 months and/or a fine of $10,000?

{¶33}. "What is your plea?

{¶34}. "THE DEFENDANT: Guilty.

{¶35}. "THE COURT: What is your plea to Count Four for the offense of aggravated possession of drugs, a felony of the fifth degree, carrying with it a maximum penalty of 12 months in a state penal institution and/or a fine of $2,500, and a driver's license suspension of six months to five years?

{¶36}. "THE DEFENDANT: Guilty.

{¶37}. "THE COURT: Mr. Sanderson, if you'll approach and have Mr. Agee read and review the waiver, please.

{¶38}. (Off-the-record discussion between the Defendant and his counsel.)

{¶39}. "[DEFENSE COUNSEL] MR. SANDERSON: May I approach, Your Honor?

{¶40}. "THE COURT: Yes.

{¶41}. "MR. SANDERSON: Your Honor, as the Court no doubt heard, I effectively have read the waiver upon a plea of guilty forms to Mr. Agee. I reviewed it with him, asked if he had any questions. He stated he did not and he has signed the form. I have witnessed his signature, as had Mr. (sic) Lamberson.

{¶42}. "THE COURT: Thank you.

{¶43}. "Mr. Agee, do you have any questions for the Court concerning this document you signed?

{¶44}. "THE DEFENDANT: No, sir."

{¶45}. Tr. at 10-13.

{¶46}. In *State v. Eakin*, 5th Dist. Licking No. 01-CA-00087, 2002-Ohio-4713, ¶ 21, we recognized that "[t]he record must demonstrate that the defendant acquired an understanding of the nature of the charges against him, from whatever source, be it from the trial court itself, the prosecutor, or some other source, such that the trial court can determine that the defendant understands the charges to which he is pleading guilty." Furthermore, "[w]hen a defendant is represented by counsel, there is a presumption *** that the defense counsel did inform the defendant of the nature of the charges ***." *Id.* at ¶ 23, citing *Carter, supra,* at 38. Upon review of the plea transcript,

given the presence of defense counsel, the existence of a written plea form, and the State's provision of a bill of particulars in this matter, we hold the trial court substantially complied with the pertinent aspects of Crim.R. 11(C)(2)(a), particularly as to advising appellant of the nature of the charges and of the maximum penalty involved with each count.

{¶47}. Appellant's sole Assignment of Error is therefore overruled.

{¶48}. For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

JWW/d 0702