[Cite as *State v. Barker*, 2015-Ohio-3615.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-14-1032

     Appellee                                             Trial Court No. CR0201301969

v.

Eric Barker                                             **DECISION AND JUDGMENT**

     Appellant                                             Decided:  August 31, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Robert P. Soto, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas, following a no contest plea, in which appellant, Eric Barker, was found guilty of

four counts of unlawful sexual conduct with a minor, and sentenced to four consecutive

17-month prison terms. The undisputed facts that are relevant to this appeal are as follows.

{¶ 2} On June 19, 2013, the Lucas County Grand Jury indicted appellant on four counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(1), a fourth degree felony. The charges were based on reports that, between December 1, 2011, and November 26, 2012, appellant engaged in sexual conduct with his stepsister, who was between 13 and 16 years of age.

{¶ 3} On October 11, 2013, a plea hearing was held, at which appellant entered a no contest plea to all four counts of the indictment. Before accepting the plea, the trial court addressed appellant personally and ascertained that he was not under the influence of alcohol or drugs, and informed appellant as to the nature and consequences of his plea, which included a potential prison sentence of 18 months and a fine of $5,000 for each count. The trial court also told appellant that his sentences could be made to run consecutively, for a total possible prison sentence of 72 months. The trial court explained that, upon his release from prison, appellant could be placed on mandatory postrelease control for up to five years, and that a violation of the terms of postrelease control could result in additional prison time of 9 months per violation, up to 50 percent of his original prison term.

{¶ 4} In addition to the above, the trial court advised appellant as to the constitutional rights that we was waiving by entering a no contest plea, and advised appellant that, if convicted of a felony, he would be unable to "use, receive, purchase,

2.

own, transport, or otherwise possess a firearm" and would be required to submit a DNA sample. The trial court further explained appellant's limited rights to appeal the plea and any sentence to be imposed, and stated that appellant would have 30 days after sentencing to file an appeal.

{¶ 5} After each of the above statements, appellant indicated that he understood and waived the rights that were explained to him. Appellant also stated that he had discussed the case with his appointed attorney, he was satisfied with counsel's representation, and that it was in his best interest to enter into the plea agreement. Appellant indicated that he had received no threats or promises in exchange for his plea, and that he understood that, if convicted, he would be designated as a tier II sex offender and be subjected to notification requirements upon his release from prison. Thereafter, appellant's counsel stated that he had reviewed the entire plea agreement with appellant, after which appellant signed the written plea form.

{¶ 6} The prosecutor testified that appellant was charged with four counts of unlawful sexual conduct with a minor, however, if the matter had proceeded to trial the state would have shown that appellant engaged in sexual conduct with the same underage female on "at least 20 occasions" between December 1, 2011 and November 26, 2012. The prosecutor stated that, at the time of the offense, the victim was between the ages of 13 and 14 years old, and appellant was between 21 and 22 years old, making each of such instances a fourth degree felony pursuant to R.C. 2907.04(A) and (B)(1).

3.

{¶ 7} At the close of the prosecutor's testimony, appellant stated that he wished to enter his plea. Thereafter, the trial court found that appellant was advised as to his constitutional rights and made a knowing, voluntary and intelligent waiver of those rights. The trial court also found that appellant understood the nature and consequences of his plea and the maximum penalties involved. The court then accepted the plea and found appellant guilty of four counts of unlawful sexual conduct with a minor, as charged in the indictment.

{¶ 8} A sentencing hearing was held on November 27, 2013, at which the court first designated appellant as a tier II sex offender. Before signing the designation form, appellant indicated that he had no questions relating to his designation as a sex offender. Before sentence was imposed, appellant's attorney stated that appellant opted for a no contest plea in lieu of an *Alford* plea in this case because of the seriousness of the charges. Nevertheless, counsel stated that appellant disputed the charges and "maintained this did not happen." Counsel also stated that appellant has no criminal conduct, either as a juvenile or an adult, other than traffic offenses. Counsel advised the court that appellant "had a rough growing up," including spending time in foster care. Counsel stated that appellant was employed until the time of his arrest. He also stated that appellant did not want to put his victim through a trial and asked the court to remember appellant's "past background" and consider judicial release "at the appropriate time."

4.

{¶ 9} The victim's father told the court that the victim suffers migraine headaches as a result of the abuse, and that it was during a visit to her gynecologist for pelvic pain that the abuse was reported. He also testified that the family incurred medical bills and other financial burdens as a result of the abuse, and the victim suffers long-term emotional distress that includes "suicidal thoughts and tendencies" and fears that cause her to be withdrawn and "terrified."

{¶ 10} After the victim's father testified, appellant told the trial court that he did not have anything to say. Appellant stated that he entered his plea on the advice of counsel, due to the overwhelming amount of evidence against him. Thereafter, the trial court noted that appellant was afforded all applicable rights pursuant to Crim.R. 32. The trial court further stated that it considered the record, oral statements made at the sentencing hearing, the presentence investigation report, and appellant's plea, before determining that appellant is not amenable to community control, and that prison is consistent with the principles and purposes of sentencing.

{¶ 11} The court sentenced appellant to serve 17 months in prison for each offense, and found that "merger does not apply" in this instance. The trial court further found, pursuant to R.C. 2929.14(E), that appellant caused great and unusual harm to the victim, and ordered the sentences to be served consecutively. Appellant was also advised as to postrelease control, and was ordered to pay $800 in restitution to the victim. A motion for leave to file a delayed appeal was filed in this court on February 14, 2014, which this court granted on April 1, 2014.

5.

**{¶ 12}** On appeal, appellant sets forth the following four assignments of error:

### First Assignment of Error

The trial court abused its discretion and committed reversible error in accepting the appellant's plea despite evidence that it was not accepted voluntarily, knowingly, and intelligently.

### Second Assignment of Error

The trial court imposed a sentence contrary to law and abused its discretion in imposing the sentences on all four counts.

### Third Assignment of Error

The indictment is defective because it violates the appellant's constitutional right to due process of law.

### Fourth Assignment of Error

The indictment is defective because it fails to state every element and fact of consequence necessary to support the conviction of unlawful sexual conduct with a minor as a fourth degree felony.

**{¶ 13}** In his first assignment of error, appellant asserts that his plea was not knowingly, intelligently and voluntarily made. In support, appellant argues that, pursuant to Crim.R. 11(C), the trial court was required to specifically advise him that, by entering a no contest plea, he was waiving his right to a jury trial. We agree.

**{¶ 14}** Pursuant to Crim.R. 11(C)(2)(c), when accepting a plea of guilty or no contest in a felony case, one of the obligations imposed on the trial court is to inform the

defendant, and make sure that the defendant understands, that he or she is waiving the right to a jury trial. Failure to comply with the dictates of Crim.R. 11 may result in the invalidation of the plea on the basis that it is not knowingly, voluntarily and intelligently made. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 15} In *Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1961), the United States Supreme Court held that a defendant must be advised of his or her constitutional rights before a plea can be considered "intelligent and voluntary," and that the failure to explain those rights constitutes plain error. In Ohio, "*Boykin* rights" are identified as the five rights enumerated in Crim.R. 11(2)(C), one of which is the right to a jury trial. *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

{¶ 16} The Ohio Supreme Court specifically has held that the standard for the trial court's notification of constitutional rights pursuant to Crim.R. 11(C)(2) is strict compliance. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. In order to satisfy the strict compliance standard, the trial court is required to "orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid." *Id.* at ¶ 29. In cases where exact language is not used to inform a defendant of his *Boykin* rights, the trial court will have been found to comply with Crim.R. 11(C)(2), so long as those rights are explained "in a manner reasonably intelligible to the defendant." *Veney, supra*, at ¶ 27, citing *Ballard* at paragraph two of the syllabus. However, while the trial court's language may be sufficient, even though it varies slightly from the language of Crim.R. 11(C)(2), the court cannot simply rely upon

7.

"other sources to convey these rights to the defendant." *Id.* at ¶ 29, citing *Boykin* at 243. Therefore, where "the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid." *Id.,* citing *Ballard* at 481.

{¶ 17} In this case, at the plea hearing, the following relevant exchange took place between appellant and the trial court:

THE COURT: You are entering a no contest plea to each of these four counts. A no- contest plea is not an admission of guilt, but it is an admission of the truth of the facts that are alleged, and you give up your right to contest those facts by entering this plea. Do you understand that?

APPELLANT: Yes, sir.

THE COURT: Do you further understand that by entering this plea you are waiving your right to trial?

APPELLANT: Yes, sir.

THE COURT: You have a constitutional right to defend yourself by way of trial, and if you enter this plea, there will never be a trial in this case because you're waiving that right. Do you understand that?

APPELLANT: Yes, sir.

THE COURT: And is that what you want to do?

APPELLANT: Yes, sir.

8.

{¶ 18} Following the above exchange, appellant reviewed and signed a written plea form which stated, in relevant part, that: "I understand by entering this plea I give up my right to a jury trial or court trial * * *."

{¶ 19} As set forth above, a written plea form that references a defendant's constitutional rights is not sufficient, standing alone, to demonstrate that the trial court fulfilled its duty of strict compliance with the requirements of Crim.R. 11(C)(2). Accordingly, after considering the record in this case we find that, by not orally advising appellant of his right to a trial by a jury of his peers, the trial court failed to ascertain that appellant knew and understood all of his constitutional rights prior to waiving those rights and entering his plea. Therefore, the record does not establish that appellant's plea was made voluntarily, and with a full understanding of its consequences. Appellant's first assignment of error is well-taken.

{¶ 20} In his second assignment of error, appellant asserts that the trial court did not properly consider all of the statutory factors set forth in R.C. 2929.11 and 2929.12 before sentencing him to serve four consecutive, 17-month prison terms. Pursuant to our determination as to appellant's first assignment of error, we find that appellant's challenge to the prison sentence imposed pursuant to his plea has become moot. Appellant's second assignment of error is not well-taken.

{¶ 21} In his third and fourth assignments of error, appellant challenges the adequacy and sufficiency of the indictment. Specifically, appellant argues in support of his third assignment of error that the indictment is flawed because it contains four

9.

identical counts of unlawful sexual conduct with a minor, which are "identically worded and carbon copies of each other." In support of his fourth assignment of error, appellant argues that the indictment is insufficient to establish a fourth degree felony pursuant to R.C. 2907.04, because none of the four counts states that he was more than four years older than the victim at the time the charged offenses took place.

{¶ 22} Pursuant to Crim.R. 12(C), any defense or objection based on defects in an indictment must be made prior to trial. In this case, the record does not show that appellant challenged the indictment, either before or after his plea was entered. Accordingly, he has waived all but plain error on appeal. *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 7. An alleged error does not constitute plain error unless it is obvious and, but for such error, the outcome of the proceeding clearly would have been different. *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001).

{¶ 23} On consideration, we find that, even if the issues raised in appellant's third and fourth assignments of error have merit, pursuant to our determination as to appellant's first assignment of error, they have become moot.

{¶ 24} We find that substantial justice has not been done in this case. The judgment of the Lucas County Court of Common Pleas is hereby reversed, and

appellant's plea is vacated. The case is remanded to the trial court for further proceedings consistent with this decision. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.