[Cite as *State v. Ballard*, 2016-Ohio-4783.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHAD D. BALLARD | : | Case No. CT2015-0056 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common Pleas, Case No. CR2014-0361


JUDGMENT:       Affirmed


DATE OF JUDGMENT:       June 30, 2016


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

GERALD V. ANDERSON II       DAVID A. SAMS
27 North Fifth Street       Box 40
P.O. Box 189       West Jefferson, OH  43162
Zanesville, OH  43702-0189

*Farmer, P.J.*

{¶1}   On November 19, 2014, the Muskingum County Grand Jury indicted appellant, Chad Ballard, on one count of trafficking in drugs (methamphetamine) in violation of R.C. 2925.03, one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11, eight counts of possession of drugs (cocaine, heroin, marijuana, Oxycodone Hydrocholoride, Oxycontin, Acetaminophen/Hydrocodone, Alprazolam, Clonazepam, and Hydromorphone) in violation of R.C. 2925.11, and two counts of having weapons while under disability in violation of R.C. 2923.13.  Three of the counts carried forfeiture specifications pursuant to R.C. 2941.1417, listing $31,262.00 of U.S. Currency, a 2006 Chevy HHR, a 1988 Harley Davidson motorcycle, and a 1975 Pontiac Grand Am.

{¶2}   On September 3, 2015, appellant pled guilty to all counts and the forfeiture specifications, except for the trafficking count which was subsequently dismissed.  By entry filed October 7, 2015, the trial court sentenced appellant to an aggregate term of twelve years in prison, and ordered the money and vehicles forfeited.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE GUILTY PLEA TO THE FORFEITURE SPECIFICATION WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY."

II

{¶5}   "CONSECUTIVE TERMS WERE CONTRARY TO R.C. 2929.14(C)(4)."

III

{¶6}   "CONSECUTIVE TERMS WERE CONTRARY TO R.C. 2941.25."

I

{¶7}   Appellant claims his guilty pleas to the forfeiture specifications were not knowingly, intelligently, or voluntarily given as his pleas to the specifications were not adequately explained to him during the Crim.R.11 plea colloquy.  We disagree.

{¶8}   Appellant argues the trial court specifically failed to explain to him the state's burden to establish a nexus between the property sought to be forfeited and the criminality of the offense and the issues of proportionately and value.

{¶9}   R.C. 2981.09 governs value of property subject to forfeiture and states the following:

(A) Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense.  The owner of the property shall have the burden of going forward with the evidence and the burden to prove by a preponderance of the evidence that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense.

(B) Contraband and any proceeds obtained from the offense are not subject to proportionality review under this section.

(C) In determining the severity of the offense for purposes of forfeiture of an instrumentality, the court shall consider all relevant factors including, but not limited to, the following:

(1) The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;

(2) The extent to which the person whose property is subject to forfeiture participated in the offense;

(3) Whether the offense was completed or attempted.

(D) In determining the value of the property that is an instrumentality and that is subject to forfeiture, the court shall consider relevant factors including, but not limited to, the following:

(1) The fair market value of the property;

(2) The value of the property to the person whose property is subject to forfeiture, including hardship to the person or to innocent persons if the property were forfeited.

{¶10} In *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 18, the Supreme Court of Ohio reinforced the rule of strict compliance with constitutional guarantees in a Crim.R. 11 colloquy, but also acknowledged a substantial compliance review on nonconstitutional rights e.g., forfeiture:

Despite the evolution of substantial compliance as a standard for the court's nonconstitutional notifications and determinations required by Crim.R. 11(C)(2)(a) and (b), the same is not true for the constitutional rights within Crim.R. 11(C)(2)(c). In *Ballard,* we reaffirmed *Caudill's* holding that strict, or literal, compliance was required when constitutional rights are involved. 66 Ohio St.2d at 479, 20 O.O.3d 397, 423 N.E.2d 115. Noting that the preferred procedure is for the trial court to use the language in Crim.R. 11(C), we also stated, "However, failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Id. at 479-480, 20 O.O.3d 397, 423 N.E.2d 115.

{¶11} Appellant pled guilty to Counts 2, 3, and 4, each of which included the following identical forfeiture specification, save for the corresponding drug (methamphetamine, cocaine, or heroin):

THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that **Chad Dale Ballard** committed a violation of the Ohio Revised Code Section 2925.11(A), Possession of Drugs (Methaphetamine) (sic), a felony drug abuse offense, while in possession of Thirty One Thousand Two Hundred

Sixty Two and 00/100 Dollars ($31,262.00) in lawful U.S. Currency, a 2006 Chevy HHR bearing Ohio Registration FEX7574 VIN #3GNDA23P06S515401, a 1988 Harley Davidson motorcycle bearing Ohio Registration 3K8982, VIN #1HD1BKL17JY014347, and a 1975 Pontiac Grand Am VIN #2h3755p228258, and that said property constitutes, or is derived directly or indirectly from any proceeds that **Chad Dale Ballard** obtained directly, or indirectly from the commission of a felony drug abuse offense, or that said property was used or intended to be used in any manner to commit or to facilitate the commission of a felony drug abuse offense and that said property is therefore subject to forfeiture to the State of Ohio pursuant to Ohio Revised Code Section 2941.1417 et seq.; in violation of the Ohio Revised Code; Title 29, Section 2941.1417 et. seq., and against the peace and dignity of the State of Ohio.

{¶12}  During the plea hearing held on September 3, 2015, the prosecutor listed the counts along with the forfeiture specifications and the possible penalties.  September 3, 2015 T. at 5-8.  The trial court asked appellant if he understood he was "offering to plead guilty to 12 counts" and appellant responded in the affirmative.  *Id.* at 8.  The trial court then went through each count and informed appellant of the forfeiture specification to Count 2, and appellant acknowledged he understood.  *Id.* at 9.  Appellant then pled guilty to each forfeiture specification.  *Id.* at 16-17.  In his plea form filed September 3, 2015, appellant acknowledged that he understood he was pleading guilty to the forfeiture specifications.

{¶13} During the plea hearing, the prosecutor made the following statement relative to the facts and specifications (*Id.* at 18-20):

Your Honor, on November 12th of 2014, the Central Ohio Drug Enforcement Task Force conducted a controlled buy of methamphetamine from Mr. Ballard. That purchase occurred inside of a Chevrolet HHR vehicle.***

***Mr. Ballard did admit that he was dealing those drugs, that - - these drugs included, at the end of the search, the amount of methamphetamine exceeding 100 - - or exceeding 50 times the bulk amount, located outside in the Pontiac vehicle; cocaine, greater than 20 grams but less than 27 grams; heroin, exceeding 10 grams; marijuana, more than 10 grams, less than 200 grams; there was Oxycodone Hydrochloride, 10mg pills, less than bulk; OxyContin, 40mgs pills, less than bulk; Acetaminophen/Hydrocodone pills, 325, 725, in an amount exceeding bulk amount; Alprazolam, half milligram, a Schedule IV, less than bulk. Although, Mr. Ballard does have prior offenses, which I won't get into. Clonazepam, 2mgs, less than bulk; Hydromorphone, 8mgs, less than bulk.

There was also a Cobra model CA-38 - - 380 caliber semiautomatic handgun, Serial No. CP076561, located in the residence.

Mr. Ballard has prior convictions. Those include two felony convictions for possession of drugs, in Muskingum County Common Pleas Court, Case No. CR2004-0118 and CR2005-0024; as well as a prior

conviction for burglary, in Muskingum County Common Pleas Court, Case No. CR2001-0170.

All of this occurred here in Muskingum County, Ohio.

Also, located at the residence was $31,262 in U.S. currency, located in several different locations; one in the kitchen, where there was a large number of drugs, as well as over $29,000 in the trunk of a 1975 Pontiac Grand Am, along with the bulk of the methamphetamine that was discovered.

There was also a 2006 Chevy HHR, a 1988 Harley Davidson motorcycle, and that 1975 Pontiac Grand Am. Those are subject to forfeiture specifications.

{¶14} Defense counsel took "[n]o exceptions to the facts." *Id.* at 20.

{¶15} During the sentencing hearing, appellant argued the vehicles should not be forfeited (October 5, 2015 T. at 11-12):

THE DEFENDANT: Your Honor, I'd like to appeal this. And I - - my lawyer isn't present right now. We were supposed to argue the fact that my vehicle got forfeited. It didn't come from the drug trade. It come from my lucrative business. And a lot of the money - -

THE COURT: You pled guilty to the forfeiture specification.

THE DEFENDANT: But I wasn't under the impression that - - my lawyer made it under the impression that we were supposed to argue the

fact of everything on the forfeitures when I pled guilty.  I wasn't under the impression at the time that I was giving up all my vehicles.

THE COURT: Mr. Little?

MR. LITTLE: I - - I am not sure.  He pled guilty to the forfeiture specifications, Your Honor.  So, I mean - -

THE COURT: And the Court imposed it.

MR. LITTLE: And the drugs were actually found in the vehicle, so it's not something tangential.

THE COURT: You do have a right to file an appeal, and if you don't have an attorney the Court can appoint one for you.

THE DEFENDANT: Thank you, sir.

{¶16}  As cited above, during the plea hearing, the prosecutor clearly established a "discernible nexus between the crime and the property subject to forfeiture" (Appellant's Brief at 6) by stating a controlled drug buy "occurred inside of a Chevrolet HHR vehicle," drugs were "located outside in the Pontiac vehicle," "as well as over $29,000 in the trunk of a 1975 Pontiac Grand Am."  September 3, 2015 T. at 18-20.

{¶17}  Appellant now argues the trial court was deficient in not explaining the forfeiture plea.  However, appellant does not say he did not understand that the vehicle acquired from his lucrative legitimate business would be seized.  The argument appellant now advances was in fact addressed to the trial court.  Both seized vehicles either contained drugs or the fruits of the drug trade e.g., currency.

{¶18}  Upon review, we find substantial compliance and no Crim.R.11 violations.

{¶19}  Assignment of Error I is denied.

## II, III

{¶20}  Appellant claims the trial court erred in sentencing him to consecutive terms as the sentence was contrary to R.C. 2929.14(C)(4) and 2941.25.  We disagree.

{¶21}  R.C. 2929.14 governs prison terms.  Subsection (C)(4) states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶22} R.C. 2941.25 governs multiple counts and states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶23} In its entry filed October 7, 2015, the trial court sentenced appellant to eight years on the aggravated possession count (methamphetamine), four years each on the possession of drug counts (cocaine and heroin), thirty days on the possession of drugs count (marijuana), and twelve months each on the remaining counts. The trial court ordered everything to be served concurrently, but consecutively to the aggravated possession count for a total aggregate term of twelve years in prison. In ordering the sentences to be served consecutively, the trial court stated the following:

The Court further found that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public; that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Defendant's conduct; and that the Defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶24} The trial court noted "that Defendant has five (5) prior felony convictions, and the amount of drugs and items seized in regard to this matter was substantial."

{¶25} During the sentencing hearing held on October 5, 2015, the trial court stated the following (T. at 11):

Court would indicate the Court finds that consecutive sentences are necessary to protect the public and to punish you. The sentences - - sentences are not disproportionate to the seriousness of the conduct and to the danger you pose to the public - - to the public.

Court also finds that your history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crimes.

And that the Court finds that the multiple offenses were committed as part of more - - two or more of the offenses were committed as part of one or more courses of conduct and the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term of the offenses committed as part of the course of conduct adequately reflects the seriousness of your conduct.

{¶26} The trial court stated it had read the presentence investigative report and noted appellant had five prior felonies and emphasized "the amount of drugs involved and amount of stuff that was seized." *Id.* at 9.

{¶27} Clearly the trial court met the requirements of R.C. 2929.14(C)(4) and the mandate of *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus ("[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings).

{¶28} As for a violation of R.C. 2941.25, each count involved a different and separate drug or controlled substance. During the plea hearing, the trial court specifically asked appellant if he understood that "there are multiple offenses that don't merge" and the trial court "could order those sentences to be served consecutively," and appellant answered in the affirmative. September 3, 2015 T. at 11.

{¶29}  Upon review, we find the trial court did not err in sentencing appellant.

{¶30}  Assignments of Error II and III are denied.

{¶31}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 602