THE STATE OF OHIO, APPELLANT, *v.* VENEY, APPELLEE.

[Cite as *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200.]

(Nos. 2007–0656 and 2007–0657—Submitted May
7, 2008—Decided October 9, 2008.)

**MOYER, C.J.**

{¶ 1} Once again, we are asked to clarify the duties of the trial court in accepting pleas to felony charges and to determine the consequences of the trial court's failure to comply with Crim.R. 11. The first issue is what level of compliance is required of the trial court when it advises a defendant of the state's burden to prove guilt beyond a reasonable doubt at trial before accepting a plea of guilty or no contest. The second issue is whether a failure to advise the defendant of this right is subject to harmless-error review under Crim.R. 52.[1] We affirm the judgment of the court of appeals, holding that trial courts must

---

1. The certified question accepted asks whether a trial court must strictly comply with the Crim.R. 11 requirement that it inform the defendant that by entering a felony plea, the defendant waives the right to have the state prove guilt beyond a reasonable doubt. We also accepted the state's discretionary appeal, which offers two related propositions of law: (1) "A substantial compliance standard applies to the advisement required by Crim.R. 11(C)(2)(c) regarding the State's burden of proving guilt beyond a reasonable doubt at trial" and (2) "The failure to give the beyond-reasonable-doubt oral advisement required by Crim.R. 11(C)(2)(c) is subject to harmless-error review and does not always require reversal."

strictly comply with all parts of Crim.R. 11(C)(2)(c) in conducting plea colloquies and that a trial court's failure to inform a defendant of any right in that subsection invalidates the plea.

## I. Case Background

{¶ 2} Appellee, Thomas L. Veney, was indicted on one count of felonious assault in violation of R.C. 2903.11 and one count of kidnapping in violation of R.C. 2905.01 along with two firearm specifications as a result of a 2004 event involving his wife, Nicole. As stated by the prosecutor at the plea hearing, Veney had come home from a night of drinking on July 8, 2004, and accused Nicole of sleeping with his cousin. Veney pulled out a loaded gun while in the bedroom, held it on Nicole, and threatened to shoot her. Nicole was lying next to her seven-year-old daughter at the time. The argument eventually moved downstairs, where Veney fired a shot into the wall. Nicole then ran out of the house, and Veney followed her. Nicole saw Veney point the gun at her and heard him fire several more shots. Nicole was able to run to a nearby business to seek help. Nicole's account was corroborated by neighbors who heard the shots and saw Veney holding a gun.

{¶ 3} Veney initially entered a not-guilty plea to all charges but later entered guilty pleas to the lesser included offense of attempted felonious assault and one firearm specification. The other count and firearm specification were dismissed. The trial court accepted the pleas, found Veney guilty, and sentenced him to two years for felonious assault and three years on the firearm specification for an aggregate prison term of five years. Veney appealed, asserting that his plea was invalid because the trial court had failed to explain the nature of the charges and failed to inform him that the state had to prove him guilty beyond a reasonable doubt at trial.

{¶ 4} The Tenth District Court of Appeals reversed the judgment of the trial court because the trial court did not strictly comply with Crim.R. 11(C)(2)(c) when it failed to orally inform Veney that by entering a guilty plea he waived his constitutional right to have his guilt determined beyond a reasonable doubt at trial. *State v. Veney*, 10th Dist. No. 06AP–523, 2007-Ohio-1295, 2007 WL 853338, ¶ 16.[2] The court of appeals vacated the plea and remanded the case to the trial court for further proceedings. Id.

{¶ 5} The court of appeals certified its judgment as being in conflict with the judgments in *State v. Scott* (1996), 113 Ohio App.3d 401, 406–407, 680 N.E.2d 1297; *State v. Cogar* (Oct. 20, 1993), Summit App. No. CA–16234, 1993 WL

---

2. The court of appeals did not consider Veney's claim that he had not understood the nature of his charges. *Veney* at ¶ 16, fn. 4.

413651; and *State v. Shinkle* (Aug. 18, 1998), Scioto App. No. 98CA2560, 1998 WL 546074. We accepted the certified question "[w]hether a trial court must strictly comply with the requirement in Crim.R. 11(C) that it inform the defendant that by entering a plea, the defendant waives the right to have the state prove guilt beyond a reasonable doubt." *State v. Veney*, 114 Ohio St.3d 1423, 2007-Ohio-2904, 868 N.E.2d 678. We also accepted the two propositions of the state within its discretionary appeal. 114 Ohio St.3d 1425, 2007-Ohio-2904, 868 N.E.2d 679.

{¶ 6} In summary, the state argues that (1) the trial court need only substantially comply with the duty to advise the defendant of the state's obligation to prove the defendant guilty beyond a reasonable doubt at trial, (2) a flawed plea colloquy does not require automatic reversal, (3) Crim.R. 52 guides the court of appeals as it determines the consequences of the error being reviewed, and (4) under either a harmless-error or plain-error analysis, Veney's plea survives as a knowing, intelligent, and voluntary plea. Veney responds that the trial court's failure to orally advise him of the state's burden of proof as required by Crim.R. 11(C)(2)(c) is constitutional error affecting a substantial right that automatically invalidates his plea.

## II. Legal Analysis

{¶ 7} We have clearly stated, "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. The United States Supreme Court has held that a knowing and voluntary waiver of the right to jury trial, the right against compulsory self-incrimination, and the right to confront one's accusers cannot be inferred from a silent record. *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. Crim.R. 11 was adopted in 1973, giving detailed instruction to trial courts on the procedure to follow when accepting pleas.

### A. Crim.R. 11(C) Requirement for Plea Colloquy

{¶ 8} Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest. With respect to the required colloquy, Crim.R. 11(C)(2) provides:

{¶ 9} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved,

and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 13} Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c). Although the constitutional and nonconstitutional portions of this colloquy are categorized separately, we have not always distinguished between the two when examining the adequacy of the court's colloquy with a defendant. In *State v. Caudill* (1976), 48 Ohio St.2d 342, 346, 2 O.O.3d 467, 358 N.E.2d 601, we noted that the provisions of Crim.R. 11(C) must "be scrupulously and literally heeded." Two standards have developed, however, depending upon which type of right is alleged to have been the subject of the court's error in advising the defendant.

### B. Substantial Compliance with Crim.R. 11(C)(2)(a) and (b)

{¶ 14} Although we had initially insisted on strict compliance with Crim.R. 11(C), we began to draw a distinction between the notification of constitutional rights and the other information required to be in the colloquy in *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163. In *Stewart*, we held that with respect to the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and 11(C)(2)(b), substantial compliance is sufficient. Id.

{¶ 15} Ohio's substantial-compliance standard was further developed in *State v. Strawther* (1978), 56 Ohio St.2d 298, 10 O.O.3d 420, 383 N.E.2d 900; *State v. Billups* (1979), 57 Ohio St.2d 31, 11 O.O.3d 150, 385 N.E.2d 1308; *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115; and *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. We explained: "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." (Citations omitted.) Id. at 108, 564 N.E.2d 474. To demonstrate prejudice in

this context, the defendant must show that the plea would otherwise not have been entered. Id.

{¶ 16} We have also clarified that in reviewing the totality of the circumstances, a court must determine whether the defendant understood the consequences of waiver. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Because (1) Griggs had confessed and had signed a written guilty-plea form and (2) Griggs and his counsel assured the court that he was aware of the rights he was waiving, we determined that the trial court had substantially complied with Crim.R. 11, even though the trial court did not orally advise Griggs that accepting the plea was a complete admission of guilt. Id. at ¶ 16, 19.

{¶ 17} Our precedent, therefore, establishes that a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue.

## C. Strict Compliance with Crim.R. 11(C)(2)(c)— Notification of Constitutional Rights

{¶ 18} Despite the evolution of substantial compliance as a standard for the court's nonconstitutional notifications and determinations required by Crim.R. 11(C)(2)(a) and (b), the same is not true for the constitutional rights within Crim.R. 11(C)(2)(c). In *Ballard*, we reaffirmed *Caudill's* holding that strict, or literal, compliance was required when constitutional rights are involved. 66 Ohio St.2d at 479, 20 O.O.3d 397, 423 N.E.2d 115. Noting that the preferred procedure is for the trial court to use the language in Crim.R. 11(C), we also stated, "However, failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Id. at 479–480, 20 O.O.3d 397, 423 N.E.2d 115.

{¶ 19} Crim.R. 11(C)(2)(c) requires that the defendant be advised of the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. The first three are the three constitutional rights originally identified in *Boykin v. Alabama*, 395 U.S. at 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. We recognized notification of the right of compulsory process to obtain witnesses as a fourth constitutional right in *Ballard*. 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, at paragraph one of the syllabus.

{¶ 20} Although the right to be proven guilty by the state beyond a reasonable doubt is one of the five rights included within Crim.R. 11(C)(2)(c), we have never

expressly accorded it the same stature as the other four. In fact, in a footnote we suggested that the explanation of the prosecution's burden of proof should be treated differently, subject to a standard of substantial, rather than strict, compliance. *State v. Sturm* (1981), 66 Ohio St.2d 483, 484, 20 O.O.3d 403, 422 N.E.2d 853, fn. 2. Because of this, the state argues that a trial court need only substantially comply with the obligation to advise a defendant of the prosecution's burden of proof because the right is not specified in *Boykin* as one that is constitutionally required.

{¶ 21} Yet, as the United States Supreme Court held the year after *Boykin*, the right to have the state prove guilt beyond a reasonable doubt is a constitutionally protected right of an accused. *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368. We therefore reject the state's contention and instead hold that the duty to advise the defendant of the right to have guilt proven by the state beyond a reasonable doubt is among the duties of Crim.R. 11(C)(2)(c) with which the court must strictly comply.

### D. Consequences of the Court's Failure to Strictly Comply

{¶ 22} Having found that a court must strictly comply with Crim.R. 11(C)(2)(c) when advising a defendant of all five constitutional rights listed, we answer the certified question in the affirmative. Our answer to the certified question does not, however, address the consequences of the court's failure to comply. The state maintains that even if the trial court must strictly comply with Crim.R. 11(C)(2)(c) by informing Veney of the prosecution's burden of proof beyond reasonable doubt, the court's error need not automatically lead to vacation of the conviction and plea. We disagree.

{¶ 23} To properly frame this issue, we must review *Ballard*, which marked the first time that we explicitly made the connection between the strict-compliance standard and the constitutional rights in Crim.R. 11(C)(2)(c); it provides valuable insight into how the standard works in practice.

{¶ 24} In *Ballard*, we cited *Boykin v. Alabama* (1969), 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274, for the principles that a defendant must be apprised of certain constitutional rights[3] before his or her plea may be considered intelligent and voluntary and that plain error results when a trial court fails to explain those rights. *Ballard*, 66 Ohio St.2d at 476–477, 20 O.O.3d 397, 423 N.E.2d 115.

{¶ 25} However, we found a split of authority on the issue of "whether the complete omission of a *Boykin* constitutional right alone is cause to nullify a

---

3. In view of our holding in this case, the principles applicable to the "*Boykin* rights" extend to all five rights listed in Crim.R. 11(C)(2)(c) in Ohio.

guilty plea." *Ballard* at 477, 20 O.O.3d 397, 423 N.E.2d 115. Some courts held that the "failure to mention, in any manner, a *Boykin* right does not necessarily result in an involuntary and unknowing guilty plea"; others "held that for a guilty plea to be voluntarily and intelligently entered, the defendant must be informed that he is waiving his *Boykin* rights." Id. at 477–478, 20 O.O.3d 397, 423 N.E.2d 115.

{¶ 26} We adopted the latter view: "[A] guilty plea is *constitutionally infirm* when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his [*Boykin* rights]." (Emphasis added.) *Ballard* at 478, 20 O.O.3d 397, 423 N.E.2d 115. We then crystallized this concept in the syllabus with unarguably mandatory language: "Prior to accepting a guilty plea from a criminal defendant, *the trial court must inform the defendant that he is waiving his [Boykin rights].*" (Emphasis added.) Id. at paragraph one of the syllabus.

{¶ 27} This requirement is tempered only slightly by the second paragraph of the syllabus: "Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his [*Boykin* rights], is not grounds for vacating a plea *as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant.*" (Emphasis added.) *Ballard* at 473, 20 O.O.3d 397, 423 N.E.2d 115, at paragraph two of the syllabus, modifying *State v. Caudill* (1976), 48 Ohio St.2d 342, 346, 2 O.O.3d 467, 358 N.E.2d 601. With that holding, we recognized that a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant.

{¶ 28} We look to the record to determine whether a trial court strictly complied with this duty. Id. at 481, 20 O.O.3d 397, 423 N.E.2d 115. Following this rule, we upheld Ballard's plea even though the trial court failed to specifically mention the right to a jury trial by name, because the trial court did inform Ballard that " 'neither the Judge nor the jury' " could draw any inference if Ballard refused to testify and that he " 'was entitled to a completely fair and impartial trial under the law.' " Id. at 479, 481, 20 O.O.3d 397, 423 N.E.2d 115, fn. 7.

{¶ 29} Thus, pursuant to the strict-compliance standard set forth in *Ballard,* the trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid. Although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant. "We cannot presume a waiver of these * * * important federal rights from a silent record." *Boykin,* 395 U.S. at 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. When

the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid. See *Ballard,* 66 Ohio St.2d at 481, 20 O.O.3d 397, 423 N.E.2d 115; *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶ 30} In the present case, it is undisputed that the trial court plainly failed to orally inform Veney of his constitutional right to require the state to prove his guilt beyond a reasonable doubt. This failure to strictly comply with Crim.R. 11(C)(2)(c) renders Veney's plea invalid. We therefore affirm the holding of court of appeals in this regard and remand the matter to the trial court for further proceedings.

### III. Conclusion

{¶ 31} We hold that a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

{¶ 32} We answer yes to the certified question and agree with the court of appeals that the trial court must strictly comply with Crim.R. 11 in advising a defendant of constitutional rights. Because the trial court did not inform Veney that he had a right to be found guilty only upon proof beyond a reasonable doubt, it failed to strictly comply with Crim.R. 11(C)(2)(c), and his plea is therefore invalid.

Judgment affirmed
and cause remanded.

PFEIFER, O'CONNOR, and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, LANZINGER, and CUPP, JJ., concur in part and dissent in part.

---

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 33} I agree with the portion of the syllabus that mandates that trial courts when conducting plea colloquies must strictly comply with all parts of Crim.R. 11(C)(2)(c), including informing defendants of the right to be found guilty only upon proof beyond a reasonable doubt; I disagree with the portion of the syllabus that addresses the consequence of lack of strict compliance. I respectfully dissent from the majority's holding that a trial court's failure to strictly comply

with Crim.R. 11(C)(2)(c) requires vacation of the plea and conviction without regard to contrary evidence in the record that the plea was entered knowingly and voluntarily despite the trial court's omission.

{¶ 34} We have held that when a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid "*under a presumption* that it was entered involuntarily and unknowingly." (Emphasis added.) *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; see also *State v. Nero* (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274. This court has never held, until today, that this presumption is irrebuttable or that a plea must be vacated automatically when the trial court fails to orally explain a constitutional right.

{¶ 35} Interpreting Crim.R. 11(C)(2)(c) as an absolute rule for which imperfect compliance should lead to automatic vacation of a plea in every case, the majority cites *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115. But the majority's reasoning seems to conflate a single missing oral advisement with the entirely "silent record" referred to *Boykin. Ballard,* however, did not foreclose an opportunity for the state to show that there was not a silent record with respect to *Boykin* rights. Just as the state is allowed to rebut the presumption that a warrantless search is unreasonable, the state should be able to rebut the presumption that a plea is involuntary and unknowing when a judge fails to mention one of the constitutional rights in Crim.R. 11(C)(2)(c).

{¶ 36} Allowing the state the chance to rebut the presumption that a defendant has been prejudiced does not confuse the standards of strict compliance and substantial compliance. The majority recognizes that under the substantial compliance standard, the burden is on the *defendant* to show prejudice, which means showing that the plea would otherwise not have been entered. *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474. A requirement that the *state* must overcome a presumption of the plea's invalidity when the trial court does not strictly comply with Crim.R. 11(C)(2)(c) means that the defendant need no longer show prejudice. The state simply is given an opportunity to establish through other evidence in the record that the defendant's plea was still knowing and voluntary.

{¶ 37} Moreover, federal law does not require automatic vacation of a plea when a judge fails to inform a defendant of a *Boykin* right. See *United States v. Vonn* (2002), 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90. Instead, the court reviews the entire record—including written pleas and statements that constitutional rights were reviewed with counsel—to determine whether the defendant understood and voluntarily made the plea. Id. at 74–75, 122 S.Ct. 1043, 152 L.Ed.2d 90. We have previously adopted this rule in *Ballard,* acknowledging that when determining whether a defendant was adequately informed of his

constitutional rights under Crim.R. 11, a court must review the entire record and not just determine whether the judge recited the exact language in the rule. 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph two of the syllabus.

{¶ 38} To the contrary, the majority opinion now concludes that strict compliance brooks no mistakes by the trial court in its oral recitation to the defendant. In its overly formalistic view of the consequences of failure to strictly comply with Crim.R. 11(C)(2)(c), the majority rejects the idea that a trial court may have informed a defendant of his or her constitutional rights in a number of ways, including written materials that have been reviewed with counsel and signed and assented to in open court. The trial court's overriding obligation has been to ensure that a plea is entered in a knowing and intelligent manner. *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. But now, the majority's holding will invalidate convictions based upon a single omitted oral statement of the trial court, no matter whether the record would otherwise show that the defendant understood and appreciated all constitutional rights being waived.

{¶ 39} Because I disagree with these draconian consequences as applied to every case, I respectfully dissent. I would hold that the state should have an opportunity to rebut the presumption that a plea is unknowing and involuntary with evidence from the entire record.

LUNDBERG STRATTON and CUPP, JJ., concur in the foregoing opinion.

————

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellant.

Yeura R. Venters, Franklin County Public Defender, and John W. Keeling, Assistant Public Defender, for appellee.

IN RE A.J.S.

[Cite as *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307.]