[Cite as *State v. Trotter*, 2015-Ohio-416.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101218**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MONROE TROTTER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-575255-A, CR-13-575851-A, CR-13-579981-A,
CR-13-580587-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Anthony T. Miranda
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Monroe Trotter, appeals from his convictions after pleading guilty in four different cases to charges of aggravated vehicular assault, driving while under the influence, felonious assault, having weapons while under disability, tampering with evidence, domestic violence, and violating protection orders. Finding merit to the appeal and upon concession by the state, we vacate his pleas and remand to the trial court.

{¶2} In June 2013, Trotter was indicted in Case No. CR-13-575255 with three counts of aggravated vehicular assault and one count of driving while under the influence of alcohol or drugs. In July 2013, Trotter was indicted in Case No. CR-13-575851 with one count each of felonious assault, having weapons while under disability, tampering with evidence, and domestic violence. In November 2013, Trotter was indicted in Case No. CR-13-579981 with one count of violating a protection order. In December 2013, Trotter was indicted in Case No. CR-13-580587 with one count of violating a protection order.

{¶3} In December 2013, Trotter entered into a plea agreement on these cases — agreeing to either plead guilty or no contest to all counts as indicted in each case and also agreeing to forfeit the firearm specified in Case No. CR-13-575851. In exchange for his pleas, Trotter was sentenced to an agreed six-year term in prison.

{¶4} Trotter now appeals, raising as his sole assignment of error that his guilty pleas must be vacated because the trial court completely failed to advise him of his Crim.R. 11 rights prior to accepting his pleas. The state, pursuant to Loc.App.R. 16(B), has conceded this error.[1]

---

[1]Loc.App.R. 16(B) provides:

Notice of Conceded Error. When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error either in lieu of or in addition to their responsive brief. Once all briefing is completed, the appeal will be

**{¶5}** Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13. Failure to advise a defendant of his constitutional rights prior to accepting his plea renders his plea invalid. *Veney* at ¶ 32.

**{¶6}** In this case, our review of the record confirms the trial court completely failed to advise Trotter of any of his Crim.R. 11 rights prior to accepting his plea. Accordingly, we must vacate Trotter's guilty pleas and remand these cases for further proceedings.

**{¶7}** Judgment reversed, plea vacated, and case remanded for further proceedings.

It is, therefore, considered that said appellant recover of said appellee its costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR

randomly assigned to a merit panel for review. The appeal will be considered submitted on the briefs unless the assigned panel sets an oral argument date.