[Cite as *State v. Beasley*, 2016-Ohio-6956.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26958 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2015-CR-1428 |
| v. | : | |
| | : | (Criminal Appeal from |
| KENDALL D. BEASLEY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

DAVID J. FIERST, Atty. Reg. No. 0043954, 2533 Far Hills Avenue, Dayton, Ohio 45419
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Kendall D. Beasley appeals from his conviction and

sentence for Intimidation of a Crime Victim and Aggravated Burglary. Beasley contends that his guilty plea was not knowingly or voluntarily made. The record does not support his contention. Therefore, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Beasley was indicted on one count of Intimidation of a Crime Victim, a felony of the third degree, in violation of R.C. 2921.04(B), and one count of Menacing By Stalking With a Threat of Harm, a felony of the fourth degree, in violation of R.C. 2903.211(A)(B)(2)(b). An additional charge was added by a bill of information for Aggravated Burglary, a first-degree felony, in violation of 2911.11(A)(1).

{¶ 3} Beasley was served with a copy of the Bill of Information, and waived his right to the one-day service required by R.C. 2941.49. A plea agreement was entered into between the State and Beasley, in which the Menacing by Stalking charge was dismissed and Beasley agreed to plead guilty to Aggravated Burglary and Intimidation of a Crime Victim. The State also agreed that the potential term of imprisonment would be capped at six years.

{¶ 4} At the plea hearing, the trial court asked a series of questions to ascertain that Beasley truly wanted to enter a plea, that he understood the terms of the plea agreement, and that he was willingly giving up specific constitutional rights. The trial court also asked a series of questions to verify that Beasley had no physical or mental issues that incapacitated his ability to intelligently waive his rights. The plea hearing continued with the trial court reviewing the specific charges and the possible penalties for each offense and Beasley responded affirmatively to each separate question. The only

question in which Beasley expressed some confusion was asked and answered as follows:

> THE COURT: As you stand before the court this morning, do you know of any reason you would have difficulty understanding your legal rights as they get explained.
>
> THE DEFENDANT:   Yes, ma'am.

Transcript at 8.

{¶ 5}   Immediately after Beasley's response indicating that he may have difficulty understanding his rights, the trial court refined the question and received an assurance from Beasley that he did understand, as follows:

> THE COURT: Okay. Well, let me ask.   That question is designed so I got to make sure that the people that are pleading guilty have all of their mental capabilities about them because it's a very important decision to plead guilty. So as you're before me right now, do you know of anything that has happened to you that's going to make it difficult for you to understand what's going on or what I'm explaining to you?
>
> THE DEFENDANT: No, ma'am.

{¶ 6}   The trial court continued to ask questions and Beasley continued to answer them in a manner reflecting that he understood the proceedings, the nature of the offenses, and the consequences of his plea. At no time did he ask any question to clarify anything, or to stop the proceedings to obtain additional advice from his attorney, or in any way to express reluctance, confusion, coercion or hesitation.   When asked if he had any questions or concerns before he signed the plea form, he said, "no, ma'am."

Transcript at 18.

{¶ 7} After the plea was accepted, the trial court ordered a pre-sentence investigation report, and received numerous letters in Beasley's support. At the sentencing hearing, the trial court indicated that the PSI report and supportive letters were considered. A 36-month term of imprisonment was imposed for the Intimidation of a Crime Victim conviction, and a 6-year term of imprisonment was imposed for the Aggravated Burglary conviction. The two terms of imprisonment were ordered to be served concurrently.

{¶ 8} From the judgment of the trial court, Beasley appeals.

## II. The Plea Was Knowingly and Voluntarily Made

{¶ 9} For his sole assignment of error, Beasley asserts:

APPELLANT KENDALL BEASLEY'S GUILTY PLEA WAS NOT KNOWINGLY AND VOLUNTARILY MADE

{¶ 10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. Crim.R. 11 "is in place to ensure that defendants wishing to plead guilty or no contest do so knowingly, intelligently, and voluntarily." *State v. Eggers,* 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 28, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. "Crim.R. 11 was adopted in 1973 to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest." *Barker* at ¶ 9, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. "Crim.R. 11(C) requires a trial judge to determine whether that

criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea." *Id.* at ¶ 10.

**{¶ 11}** Our review of the record reveals that the trial court questioned Beasley at length to assure that he was fully informed of his rights and that he understood the consequences of his plea. Beasley's responses indicated that he understood the plea agreement and its consequences, and that his decision to enter into the plea was knowing and voluntary. The sole assignment of error is overruled.

### III. Conclusion

**{¶ 12}** Beasley's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
David J. Fierst
Hon. Mary L. Wiseman