[Cite as *State v. Moore*, 2017-Ohio-8328.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-108 |
| | | (C.P.C. No. 16CR-1434) |
| Harold S. Moore, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-109 |
| | | (C.P.C. No. 16CR-1479) |
| Harold S. Moore, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 26, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *Timothy E. Pierce,* for appellant. **Argued:** *Timothy E. Pierce.*

APPEALS from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Harold S. Moore is appealing from his convictions following guilty pleas and the sentences ordered. He assigns four errors for our consideration:

> [I.] The trial court erred by entering judgments of conviction based upon guilty pleas that were not knowing, intelligent,

and voluntary in violation of Rule 11 of the Ohio Rules of Criminal Procedure.

[II.] The trial court erred and violated R.C. 2929.18(A)(1) as well as Appellant's right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution when it failed to conduct a hearing on restitution after Appellant disputed the restitution amount.

[III.] The trial court's order that Appellant remit restitution was not supported by clear and convincing evidence and thus was contrary to law inasmuch as the case for which restitution was ordered had been dismissed. Its actions therefore violated the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1 and 16 of the Ohio Constitution, R.C. 2929.18, R.C. 2953.08(A)(4), and R.C. 2953.08(G)(2)(b).

[IV.] Inasmuch as the defense's purported agreement to pay the restitution amount in case no. 16CR-1479 was not voluntarily, knowingly, and intelligently entered the trial court erred in imposing the same in violation of the Appellant's right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1 and 16 of the Ohio Constitution, and pursuant to R.C. 2953.08(A)(4).

{¶ 2}    Under the first assignment of error, Moore's counsel argues that the trial court judge did not adequately comply with Crim.R. 11(C)(2).  That rule reads:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 3}  Appellate counsel argues that the trial court did not inform Moore of all the rights he was giving up as required by Crim.R. 11(C)(2)(c), specifically the right to confront and cross-examine the state's witnesses.

{¶ 4}  The state of Ohio does not disagree that the in-court dialog was not in compliance with Crim.R. 11, but asserts that the noncompliance should be overlooked because Moore and his trial counsel did not object at the time of the plea.  The state seems to want to import the plain error doctrine into Crim.R. 11 even though the rule clearly bars a trial court judge from accepting a guilty plea where full compliance has not occurred.

{¶ 5}  The Supreme Court of Ohio has mandated strict compliance with Crim.R. 11 and has held that when a trial court fails to strictly comply, the defendant's guilty plea is invalid.  *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200.  We are not permitted to fail to follow binding precedent from the Supreme Court of Ohio.  The first assignment of error must be and is sustained.

{¶ 6}  Since the underlying convictions are vacated due to the trial court's failure to strictly comply with Crim.R. 11, there are no valid sentences to be reviewed.  The second, third, and fourth assignments of error are therefore rendered moot.

{¶ 7}  As a result of the foregoing, Harold S. Moore's convictions are vacated and the cases are remanded for further appropriate proceedings.

*Convictions vacated; cases remanded for further appropriate proceedings.*

DORRIAN and HORTON, JJ., concur.