[Cite as *State v. Brown*, 2018-Ohio-4160.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No.  17CA011242 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERMAINE BROWN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.  12CR084267 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2018

CARR, Judge.

{¶1}  Appellant, Jermaine Brown, appeals the judgment of the Lorain County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}  On February 8, 2012, the Lorain County Grand Jury returned an indictment charging Brown with one count of trafficking in drugs with a major drug offender specification and one count of possession of drugs with a major drug offender specification.  Brown was also charged with one count of misdemeanor possession of drugs and one count of possession of drug paraphernalia.  Brown pleaded not guilty to the charges at arraignment.  A prolonged pretrial process ensued where the parties litigated a variety of issues.

{¶3}  On September 28, 2017, Brown appeared before the trial court and pleaded guilty to the underlying charges in the indictment.  The major drug offender specifications were

dismissed. The matter proceeded to sentencing. After finding that the first two counts were allied offenses, the trial court ultimately imposed a total prison sentence of six years.

{¶4} On appeal, Brown raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT VIOLATED [CRIM.R.] 11 DURING THE PLEA COLLOQUY[.]

{¶5} In his sole assignment of error, Brown contends that the trial court violated Crim.R. 11(C) by failing to advise him of the constitutional privilege against compulsory self-incrimination at the plea colloquy. This Court agrees.

{¶6} Before accepting a guilty plea, the trial court must inform the defendant that by pleading guilty he or she is waiving both the constitutional and non-constitutional rights articulated in Crim.R. 11(C). The trial court must substantially comply with Crim.R. 11(C) when notifying the defendant of his non-constitutional rights. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Notably, however, when explaining the defendant's constitutional rights at a plea colloquy, the trial court must strictly comply with Crim.R. 11(C) or the plea is considered invalid under the presumption that it was not knowingly and voluntarily entered. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31. The privilege against compulsory self-incrimination is one of the constitutional rights set forth in Crim.R. 11(C)(2)(c). *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31.

{¶7} As noted above, Brown argues that the trial court failed to notify him of the constitutional privilege against self-incrimination. In its merit brief, the State has conceded error in this regard. A review of the transcript reveals that while the trial court discussed a number of constitutional rights at the plea hearing, the trial court failed to advise Brown of the privilege

against compulsory self-incrimination. Accordingly, the plea is vacated and the matter is remanded for further proceedings.

{¶8} Brown's assignment of error is sustained.

## III.

{¶9} Brown's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

RASHYA M. CUNNINGHAM, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.