[Cite as *State v. Richardson*, 2020-Ohio-50.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-18-1240

     Appellee                                        Trial Court No. CR0201802300

v.

Tyreece A. Richardson                          **DECISION AND JUDGMENT**

     Appellant                                      Decided:   January 10, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 19, 2018 judgment of the Lucas County

Court of Common Pleas, finding appellant guilty pursuant to a negotiated plea agreement

on one count of failure to comply with an order or signal of a police officer, in violation

of R.C. 2921.331(B), a felony of the third degree, and one count of burglary, in violation

of R.C. 2911.12(B), as amended to a felony of the fourth degree. In addition, another offense pending against appellant was dismissed as part of the plea agreement.

{¶ 2} We note at the outset that the scope of this appeal is narrow, limited to the change of plea proceedings. Specifically, this appeal centers upon a determination of whether the trial court complied with Crim.R. 11(C) in the course of accepting appellant's change of plea. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Tyreece Richardson, sets forth the following assignment of error:

I. The plea was not entered into Knowingly or Voluntarily.

{¶ 4} The following facts are relevant to this appeal. In the summer of 2016, appellant was arrested in North Toledo after fleeing from a traffic stop, the legitimacy of which is not in dispute. In a failed effort to evade capture, appellant led police on a dangerous, high-speed chase during which appellant traveled at recklessly high rates of speed and disregarded traffic control devices and laws.

{¶ 5} At the time of these events, appellant was on active post release control in connection to prior felony convictions. Appellant possesses a lengthy criminal history.

{¶ 6} Appellant concedes that these events occurred when he was engaged in efforts to acquire unlawful drugs for personal consumption. Appellant unconvincingly attempts to mitigate his accountability for the crimes by conveying to the trial court, "I wasn't bothering nobody. I got a job. I go home. I do my drugs. I do my drugs at home."

2.

{¶ 7} It is not persuasive that a dangerous, high-speed motor vehicle police chase of appellant in a densely populated urban area did not "bother" anyone, in addition to the lack of legal relevancy of such a position as it relates to criminal culpability.

{¶ 8} Contrary to appellant's unsupported assertions on appeal that the trial court failed to properly inform appellant of his rights in connection to the change of plea so as to ensure the plea to have been knowing, intelligent, and voluntary, the record reflects that the trial court undertook exhaustive measures to address appellant's questions, affirm appellant's understanding, and conform with Crim.R. 11 in the course of accepting the negotiated change of plea.

{¶ 9} Appellant was facing a maximum potential term of incarceration of 54 months. Appellant was sentenced to a total term of incarceration of 36 months, discretionary post release control, and restitution. This appeal ensued.

{¶ 10} In the sole assignment of error, appellant maintains that the trial court failed to comply with the Crim.R. 11(C) requirements in the course of the change of plea proceedings. This position is counter to the record of evidence.

{¶ 11} Crim.R. 11(C)(2)(a)-(c) establishes that the acceptance of a plea in a felony case requires the trial court to determine that the defendant is making the plea voluntarily, understands the nature of the charges, the maximum penalties, understands the effect of the plea, and understands all of the constitutional implications of the plea.

{¶ 12} It is well-established that substantial compliance is the threshold of sufficiency with respect to the non-constitutional requirements set forth in Crim.R. 11(C)(2)(a) and (b). As succinctly defined in *State v. Veney*, 120 Ohio St.3d 176, 2008-3.

Ohio-5200, 897 N.E.2d 621, the test for substantial compliance is whether, "[U]nder the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waving * * * To demonstrate prejudice in this context, the defendant must show that the plea would not have otherwise been entered." *Veney* at ¶ 14-15.

{¶ 13} In support of this appeal, appellant asserts without evidentiary support that, "[I]t was or should have been evident to the trial court that appellant was unsure of and did not fully understand what was taking place in court." In support, appellant unilaterally maintains that he, "[H]ad not been on his medication *for his bipolar mental health condition*." (Emphasis added).

{¶ 14} For clarity, the record is devoid of any evidence that appellant has ever been diagnosed with bipolar disorder, or that appellant has ever been prescribed medications by a medical healthcare provider for the treatment of bipolar disorder.

{¶ 15} As stated above, this appeal centers on the propriety of the change of plea. Thus, our review focuses on the transcripts of the plea proceedings. The record reflects that the trial court upheld the Crim.R. 11 conformity of the proceedings.

{¶ 16} As the change of plea hearing began, appellant demanded to be provided with the grand jury evidence presented against him. In an effort to ascertain appellant's concerns, the trial court inquired, "You're asking for transcripts from the grand jury about what evidence was presented to them to indict you?" Appellant responded, "Yes, you got me indicted over there at common pleas."

4.

{¶ 17} In turn, the trial court thoroughly explained to appellant the need for secrecy of grand jury proceedings and carefully explained that nothing in those proceedings prejudiced appellant given that appellant was entitled to a public jury trial if he so chose to proceed in that fashion.

{¶ 18} The trial court next proceeded to advise appellant in response to appellant's concerns that he had not seen the dash cam video footage reflecting his crimes that the arresting officer was prepared to testify that the officer directly observed appellant driving the subject vehicle in the course of committing the underlying offenses.

{¶ 19} The record shows that the trial court went to great lengths to accommodate appellant's questions and concerns. The trial court also made timely arrangements for appellant to privately view the police video in the adjacent jury room with his counsel prior to making any decision on how to proceed.

{¶ 20} Appellant appeared to mistakenly discern legal relevance in his unsupported claim that he could not be found guilty because, "I never knew how to drive. I never knew how to drive. I get in the car right now, I'd crash. I would go to get me some drugs, that's -- I'm going to be honest. Really, I was intoxicated. I was going to get me some drugs." Again, the record reflects that the arresting officers directly observed appellant driving the vehicle, in addition to the dash cam video evidence.

{¶ 21} Ultimately, appellant was furnished an opportunity to review the dash cam video and have detailed discussions with counsel regarding the considerable evidence of appellant's guilt that would be presented if the matter proceed to a jury trial.

5.

{¶ 22} After extended discourse with the trial court, extended discourse with trial counsel, ample opportunity to review all of the evidence implicating him, and further considering the matter during a recess, appellant voluntarily elected to accept the above-described plea agreement.

{¶ 23} Upon inquiry from the trial court, appellant succinctly explained that he was accepting the plea deal, "[B]ecause I don't want to go to trial." Appellant then reviewed and executed the plea agreement paperwork, and affirmed that his signatures were affixed to same.

{¶ 24} The record reflects that the trial court methodically reviewed all Crim.R. 11 matters with appellant in the course of accepting the subject plea agreement. The record reflects no evidence supportive of the notion that appellant's plea was not knowingly, intelligently, and voluntarily made.

{¶ 25} The trial court affirmed on the record that appellant was clearheaded, not under the influence of drugs, alcohol, or medication potentially compromising decision making skills, was aware that he was currently on post release control for past offenses, was aware that the state was not asking for imposition of the outstanding time, was aware that he had unrelated pending municipal court cases, affirmed that he had adequate time to discuss all matters with counsel and that counsel adequately answered all questions, affirmed that he understood the effect of the guilty plea, understood the potential maximum sentence, affirmed that he understood there was discretionary potential post release control, affirmed that he understood the firearms ramifications, affirmed that he

6.

understood and specifically discussed all of the constitutional rights being waived, and affirmed that he understood the nature of the charges and the associated penalties.

{¶ 26} At the conclusion of the change of plea colloquy, the trial court then affirmed that appellant had adequate time and opportunity to discuss the plea agreement documentation with counsel prior to executing the plea bargain, affirmed that appellant had no final questions, and affirmed that appellant was entering the plea voluntarily.

{¶ 27} Based upon the foregoing, the trial court then concluded and summarized:

Then the record shall reflect the defendant is making a knowing, intelligent and voluntary decision to waive his constitutional rights, withdraw his former not guilty pleas and tender a guilty plea * * * The court finds that the defendant has been informed of all applicable constitutional rights, orally and in writing; he understands the nature of the charges, the effect of the pleas and the possible penalties which could be imposed. Therefore, the court accepts his pleas and finds him guilty of those charges.

{¶ 28} We find that the record demonstrates that appellant properly understood the implications of the plea, the rights being waived, and failed to demonstrate any deficiencies but for which the plea would not have been entered. The record reflects that the respective substantial and strict Crim.R. 11(C)(2)(a)-(c) compliance standards were met by the trial court in this case.

7.

{¶ 29} On consideration whereof, we find appellant's assignment of error not well- taken.  Accordingly, the judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                        JUDGE
Thomas J. Osowik, J.

                                           _____
Christine E. Mayle, P.J.                          JUDGE
CONCUR.

                                           _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.