[Cite as *State v. Alexander*, 2020-Ohio-4364.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    29605 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM ALEXANDER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 18 12 4101(C) |

DECISION AND JOURNAL ENTRY

Dated: September 9, 2020

HENSAL, Presiding Judge.

{¶1}   William Alexander appeals his convictions in the Summit County Court of Common Pleas.  For the following reasons, this Court reverses.

I.

{¶2}   In April 2019, Mr. Alexander told the trial court that he desired to plead guilty to three offenses.  The trial court accepted Mr. Alexander's plea but did not advise him of the constitutional rights he would be waiving.  It sentenced him to a total of 12 years imprisonment.  Mr. Alexander has appealed, arguing that the trial court failed to comply with Criminal Rule 11(C)(2)(c) before accepting his guilty plea.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO INFORM OR ENGAGE IN ANY DIALOGUE WITH APPELLANT ALEXANDER REGARDING THE CONSTITUTIONAL RIGHTS HE WAS WAIVING BY ENTERING A GUILTY PLEA.

{¶3}    Mr. Alexander argues that the trial court did not strictly comply with Rule 11(C)(2)(c) and orally advise him of the constitutional rights that he would be waiving by pleading guilty to felony offenses.   Although acknowledging that the error is likely attributable to inadvertence, he argues that the consequence of the oversight is that his plea is invalid, and his convictions must be vacated.

{¶4}    Rule 11(C)(2)(c) provides that, in felony cases, the court "shall not accept a plea of guilty" without first addressing the defendant personally and

> informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, the Ohio Supreme Court held that "[a] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant" that the plea waives "(1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *Id*. at syllabus.  If the court does not comply, "the defendant's plea is invalid." *Id*.

{¶5}    The State concedes that the trial court failed to inform Mr. Alexander of the constitutional rights he would be waiving by entering a guilty plea.  This Court's independent review of the transcript of the plea hearing also reveals that the trial court did not orally inform Mr. Alexander of the constitutional rights he was waiving, as required under Rule 11(C)(2)(c). Accordingly, we agree with Mr. Alexander and the State that Mr. Alexander's guilty plea is invalid.  Mr. Alexander's assignment of error is sustained.

III.

{¶6} Mr. Alexander's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.