[Cite as *State v. Shannon*, 2023-Ohio-3483.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,              :

                                        No. 112743

    v.                                              :

DEVIN SHANNON,                           :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-672065-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and James S. Gallagher, Assistant Prosecuting
Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Devin Shannon appeals his conviction contending that his guilty plea is invalid and that his sentence is contrary to law. Under Loc.App.R. 16(B), the state concedes that the trial court erred by failing to comply with Crim.R. 11 when accepting Shannon's guilty plea. After a thorough independent review of the record

and applicable law, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

{¶ 2} In October 2022, Shannon was named in a single-count indictment charging him with theft, a fourth-degree felony violation of R.C. 2913.02(A)(1). In March 2023, Shannon entered into a plea agreement with the state whereby he agreed to plead guilty to an amended count of attempted theft, a fifth-degree felony. During the plea colloquy, the trial court never advised Shannon of the constitutional rights that he would be waiving, as required under Crim.R. 11(C), before accepting his guilty plea. The court subsequently sentenced him to eleven months of incarceration. This appeal follows.

{¶ 3} In his second assignment of error, Shannon contends that he did not enter a knowing, intelligent, and voluntary plea because the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) when it failed to advise him of his constitutional rights that he would be waiving by pleading guilty.

{¶ 4} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). The Ohio Supreme Court has repeatedly made clear that strict compliance with Crim.R. 11(C)(2)(c) is required when informing a defendant of his constitutional rights, and a trial court "shall not accept a plea of guilty" without first informing the defendant of the constitutional rights he will waive by pleading guilty

and determining that the defendant understands the waiver. *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, 180 N.E.3d 1074, ¶ 17-18.

**{¶ 5}** In this case, the trial court never advised Shannon of any constitutional rights and thus, completely failed to comply with the requirements of Crim.R. 11(C)(2)(c). Accordingly, and as conceded by the state, the plea is invalid. *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 1. The assignment of error is therefore sustained. We vacate Shannon's plea, reverse his conviction, and remand the matter to the trial court.[1]

**{¶ 6}** Judgment reversed and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR

_____

[1] Having sustained Shannon's second assignment of error, his first assignment of error challenging his sentence is rendered moot. *See* App.R. 12(A)(1)(c).