[Cite as *State v. Burgess*, 2023-Ohio-3479.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112487 |
| v. | : | |
| JEFFREY BURGESS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 28, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674947-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carley Berman, Assistant Prosecuting Attorney, *for appellee*.

Jonathan N. Garver, *for appellant*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Jeffrey Burgess ("Burgess") appeals from his convictions for breaking and entering and attempted theft following a guilty plea. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On August 18, 2022, Cleveland police officers responded to a home at 10016 Baltic Road in Cleveland, Ohio. The victim reported that he watched an unknown man, later identified as Burgess, walk up his driveway and enter his open garage, where Burgess attempted to steal a bike, a power drill, and a power saw. The victim approached Burgess as he was exiting the garage with the bike and power tools. Burgess dropped the bike but continued to attempt to leave the garage with the tools. The victim told Burgess, "You're lucky I don't have my gun on me." Burgess replied, "I wish you did." Burgess was identified because the victim reported that he believed he knew the suspect's identity because of ongoing issues of breaking and entering in the neighborhood.

{¶ 3} As a result of this incident, on November 1, 2022, a Cuyahoga County Grand Jury indicted Burgess on one count of breaking and entering, a felony of the fifth degree in violation of R.C. 2911.13(A), and one count of attempted theft, a misdemeanor of the second degree, in violation of R.C. 2923.02 and 2913.02(A)(1).

{¶ 4} Burgess initially pleaded not guilty to the indictment. On December 15, 2022, the court held a change-of-plea hearing. The court engaged Burgess in a Crim.R. 11 plea colloquy. At one point during the colloquy, the following exchange occurred:

> THE COURT: Are you currently on probation, on parole, post-release control, or have any other unresolved arrests?
>
> BURGESS: I have a holder in Medina County, but I have no paper or nothing, no probation or nothing like that, no.

THE COURT: Okay. So there's a case pending in Medina County?

BURGESS: Yes, sir.

THE COURT: You have not entered a plea in that case yet?

BURGESS: I bounded out on this case and I'm waiting on them to pick me up, but I haven't entered any plea in any cases.

The court went on to confirm that Burgess understood the constitutional rights he would be waiving by pleading guilty. The court confirmed that Burgess understood the maximum potential penalties associated with the two offenses to which he was agreeing to plead guilty, as follows, in relevant part:

THE COURT: Do you understand the potential consequences of the F5 and the M2, which I'll go through now. Felony of the fifth degree has a potential for a term of incarceration in a state prison of 6, 7, 8, 9, 10, 11, or 12 months and a fine up to $2,500.

Misdemeanor of the second degree has a potential for a term in the county jail of up to 90 days and a fine up to $750. Both of these also have the potential for Community Control Sanctions, which is probation, where the Court and the probation department would impose rules on you that you must follow.

If you fail to follow those rules the Court can then send you to prison or the county jail or impose other more restrictive sanctions on your probation, including extending the period of your Community Control Sanction.

{¶ 5} On January 19, 2023, the trial court held a sentencing hearing. Burgess appeared via video conference; at the time of sentencing, he was incarcerated in Medina County related to the case that was pending at the time of his plea in the instant case. The court stated that it had reviewed the presentence investigation. Defense counsel addressed the court, informing the court that Burgess had been battling addiction for over 30 years. Defense counsel also stated

that Burgess was in custody for approximately 80 days prior to his guilty plea in the instant case, and shortly after his plea, he was transported to Medina County to resolve his case there. Defense counsel informed the court that Burgess had received a six-month prison sentence in his Medina County case and was currently on a waiting list for inpatient treatment. Burgess also addressed the court, as follows:

> THE COURT: All right. Mr. Burgess, what would you like to tell the Court?
>
> BURGESS: Well, like I said, I'm on the list for a drug program here. I'm also an inmate working here. I'm working 60 hours a week in the kitchen. I read my Bible every night and I pray. And I'm really done. I'm just tired and I'm done and I'm glad this all happened and I just want to get it behind me so I can move on because I'm tired. Thank you, Your Honor, for letting me speak.

The assistant prosecuting attorney then addressed the court and summarized the incident that led to Burgess's indictment.

{¶ 6} The assistant prosecuting attorney informed the court that several people from the neighborhood where the incident occurred were present at the sentencing hearing to give victim-impact statements. The court asked defense counsel if he had any objection, and defense counsel did not object. The court then heard from Jenny Spencer ("Spencer"), Cleveland City Councilwoman for Ward 15. Spencer stated that she and the former councilman from Ward 11 worked together to address the "crime spree" that Burgess allegedly carried out in their wards throughout 2022. Spencer stated that Burgess's crimes deprived residents "not only of their personal property, but also their sense of safety, well-being, and peaceful enjoyment in their own community." Spencer also informed the court that beyond

the victim in the instant case, her office had numerous additional police reports of thefts allegedly committed by Burgess. The court then heard from another individual, Eric Williams ("Williams") who lived on Clifton Boulevard and alleged that he had video evidence of Burgess removing property from his yard.

{¶ 7} The court sentenced Burgess to 12 months on Count 1, breaking and entering, and 90 days on Count 2, attempted theft. The court ordered those sentences to be served concurrent to each other and consecutive to the Medina County sentence.

{¶ 8} Burgess filed a timely notice of appeal and presents the following four assignments of error, verbatim, for our review:

> I. The trial court committed prejudicial error by failing to inform Appellant of the possibility that the judge could order that his sentence to be served consecutive to the 180-day sentence for an unrelated fifth degree felony that Appellant was then serving in the Medina County Jail before accepting Appellant's guilty pleas.

> II. Appellant's sentencing must be vacated and set aside because the trial court denied him the right of allocution [pursuant to] Crim.R. 32.

> III. The trial court committed plain error and denied Appellant due process of law at sentencing where the court, without prior notice, allowed two third parties, including a city councilwoman, who were not victims of the offenses charged and, in the case of at least one of them, was not even a resident of the neighborhood where the offenses occurred, to make highly inflammatory, unsworn, unsubstantiated "victim impact" statements to the court in which they accused Appellant of "terrorizing" the city by committing "these petty theft offenses" and demanding the "maximum punishment allowable under the law." Fourteenth Amendment, Constitution of the United States; Article I, Section 16, Constitution of the State of Ohio.

> IV. Appellant was denied the effective assistance of counsel at sentencing when his court-appointed lawyer failed to object or challenge the highly inflammatory and prejudicial unsworn "victim

impact" statements made to the court by third parties. Sixth Amendment, Constitution of the United States; Article I, Section 10, Constitution of the State of Ohio.

**Law and Analysis**

**I. Guilty Plea**

{¶ 9} In his first assignment of error, Burgess argues that the trial court committed reversible error by failing to inform Burgess of the possibility that it could order his sentence to be served consecutively to the six-month sentence for an unrelated felony case in Medina County before accepting his guilty plea. We disagree.

{¶ 10} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and the method of reviewing a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered. The *Dangler* Court identified the questions to be asked when reviewing a trial court's Crim.R. 11(C) plea colloquy:

> (1)[H]as the trial court complied with the relevant provision of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17. But for two exceptions, a defendant is not entitled to have his or her plea vacated unless the defendant demonstrates prejudice by the trial court's failure to comply with Crim.R. 11(C). *Id.* at ¶ 16. The first exception occurs when "a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a

defendant waives by pleading guilty or no contest[.]" *Id.* at ¶ 14. No showing of prejudice to the defendant is required under this first exception.

{¶ 11} In contrast, if a trial court fails to fully cover "nonconstitutional" aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea. *Id.* at ¶ 14, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. The second exception occurs if there is a complete failure by the trial court to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 15. When a trial court completely fails to comply with the rule, the defendant need not show prejudice. *Id.*

{¶ 12} Burgess alleges that the trial court violated Crim.R. 11(C)(2)(a) by not confirming that he understood the maximum potential penalty related to his guilty plea. Contrary to this assertion, the record reflects that the trial court outlined the maximum potential penalties of his breaking and entering and attempted theft offenses and confirmed that Burgess understood these. Further, the requirement in Crim.R. 11 that a court confirm that a defendant understands the maximum penalty involved does not include a requirement that the trial court inform defendants of the potential penalties involved in a pending case from other jurisdictions. Moreover, we note that even if the trial court was required to inform Burgess of the maximum potential penalties of an unresolved case from a different jurisdiction, Burgess is unable to show prejudice here. The court ordered Burgess's sentences in the instant case to run concurrently, for a total sentence in this case of 12 months. The trial court could have ordered these sentences to run consecutively. At Burgess's

plea hearing, the trial court went over these penalties, as well as the possibility of additional consecutive sentences if Burgess were to violate the terms of his post-release control. Where the trial court subsequently ordered Burgess to serve his 12-month sentence in the instant case consecutively to his 6-month sentence in the Medina County case, Burgess cannot successfully argue that he was prejudiced because the trial court did not inform him that he could receive a sentence of 18 months. Therefore, Burgess's first assignment of error is overruled.

## II. Right to Allocution

{¶ 13} In Burgess's second assignment of error, he argues that his sentence must be vacated because the trial court denied him the right of allocution in violation of Crim.R. 32. Burgess correctly states that Crim.R. 32(A)(1) confers a right of allocution:

> At the time of imposing sentence, the court shall afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

Burgess is incorrect, though, that the trial court denied him this right. As described above, the trial court asked Burgess if he wished to address the court, and Burgess did address the court and thanked the court for allowing him to speak. Burgess subsequently addressed Williams after Williams spoke during the sentencing hearing as well. Burgess was clearly afforded the right to allocution in accordance with Crim.R. 32. Therefore, his second assignment of error is overruled.

### III. Victim-Impact Statements

{¶ 14} In Burgess's third assignment of error, he argues that the trial court committed plain error and denied him due process where the court allowed Spencer and Williams to make unsworn and unsubstantiated victim-impact statements during his sentencing hearing. In support of his argument, Burgess asserts that while R.C. 2947.051 allows victim-impact statements, it does not authorize third parties to present victim-impact statements about uncharged and unproven crimes. Burgess argues that the inflammatory victim-impact statements of Spencer and Williams, which referred to his "reign of terror" and numerous crimes that were not at issue in the instant case, were prejudicial and violative of his due process rights.

{¶ 15} Pursuant to R.C. 2929.19(B)(1)(a), when sentencing an offender, a trial court must consider the following information at the sentencing hearing: (1) the record; (2) any information presented at the hearing by the offender, the prosecuting attorney, the victim or the victim's representative, and any other person approved by the trial court; (3) the presentence-investigation report; and (4) any victim-impact statement. *State v. Sears*, 6th Dist. Ottawa No. OT-22-048, 2023-Ohio-1925, ¶ 7. The purpose of a victim-impact statement is to help inform the trial court of the actual harm inflicted upon the victim and the victim's family by the crime. *State v. Stilson*, 7th Dist. Mahoning No. 08 MA 143, 2010-Ohio-607, ¶ 23, citing *State v. Bunch*, 7th Dist. Mahoning No. 02CA196, 2005-Ohio-3309, ¶ 220. It is within the trial court's discretion to allow any other person to speak at the hearing. *Id.* While Burgess argues that the victim-impact statements allowed by the court

were inflammatory and prejudicial, we do not find that these statements were arbitrary, unreasonable, or unconscionable so as to amount to an abuse of discretion. The statements were from a community member and a city councilwoman with relevant personal knowledge of Burgess's alleged crimes. Further, even though the trial court allowed the statements from the community member and city councilwoman, the trial court explicitly stated that its review was limited to the facts of the case and Burgess's criminal history: "And for this case I'm limited to the facts of this case to what occurred in this case, his documented criminal history of his convictions." Tr. 27. Therefore, we cannot conclude that Burgess's due process rights were impacted by these statements at his sentencing hearing. Burgess's third assignment of error is overruled.

## IV. Ineffective Assistance of Counsel

{¶ 16} In Burgess's fourth assignment of error, he argues that his trial counsel was ineffective for failing to object to the statements from Spencer and Williams at his sentencing hearing.

{¶ 17} To succeed on an ineffective assistance of counsel claim, the appellant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. A

reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

{¶ 18} As discussed in our analysis of Burgess's third assignment of error, the trial court's decision to permit Spencer and Williams to provide victim-impact statements was not an abuse of discretion, a violation of the relevant code provisions surrounding sentencing hearings, or a violation of Burgess's due process rights. As such, we cannot conclude that defense counsel's decision not to object to these statements constituted deficient performance. Moreover, even if the failure to object was deficient, Burgess has not shown that he was prejudiced. We cannot conclude that, had defense counsel objected to the statements, there is a reasonable probability that the outcome of Burgess's sentencing hearing would have been different. Therefore, Burgess was not denied the effective assistance of counsel. Burgess's fourth assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR